UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SW OHIO CARPENTERS, *et al.*,

        Plaintiffs,

vs.

E & I CONSTRUCTION, *et al.*,

        Defendants.

Case No. 1:05-cv-622

Magistrate Judge Timothy S. Black

**MEMORANDUM OF OPINION
AND ORDER**

        Plaintiffs initiated this civil action on September 23, 2005, by filing a complaint against E & I Construction ("E & I") and Christian Baldwin ("Baldwin") pursuant to the Employee Income Retirement Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"), the Multi-Employer Relations Act, 29 U.S.C. § 1145, and the Labor Management Relations Act, 29 U.S.C. § 185.  (Doc. 1.)

        This matter is now before the Court on defendant Baldwin's motion to dismiss Plaintiffs' claims against him for failure to join an indispensable party, or in the alternative, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b) (doc. 20), and Plaintiffs' memorandum in opposition (doc. 22).  The parties have consented to disposition by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (*See* Doc. 16.)

## I. BACKGROUND

Plaintiffs and Defendant E & I entered into a collective bargaining agreement wherein E&I agreed to make timely payments to Plaintiffs' Pension Fund, Health and Welfare Fund, Carpenters and Millwrights Training and Educational Trust Fund, the Advancement Program, the Health and Safety Fund, and the Retirement Plan ("the Funds"). Plaintiffs' complaint asserts that E & I failed to make proper payments to the Funds from September 2004 through August 2005. (Doc. 1.)

Furthermore, the complaint asserts that Defendant Baldwin, as president of E&I, had a significant financial interest in E&I, exercised control and authority over the Funds' assets, and failed to make contributions as required under the collective bargaining agreement. As a result, Plaintiffs are seeking $36,000.00 in unpaid contributions, plus interest. (Doc. 1.)

## II. STANDARDS OF REVIEW

### A.

Rule 12(b)(7) permits defendants to seek dismissal and penalize plaintiffs for the failure to join a party pursuant to Rule 19. *Glancy v. Taubman Centers, Inc*., 373 F.3d 656, 669 (6th Cir. 2004) (citing Fed.R.Civ.P. 12(b)(7)).

Pursuant to Rule 19(a), a person shall be joined as a party in the action if

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and

is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Fed.R.Civ.P. 19(a).

If the court determines that the person or entity does not fall within one of these provisions, joinder, as well as further analysis, is unnecessary. *PTG Logistics, LLC v. Bickel's Snack Foods, Inc.*, 196 F.Supp.2d 593, 604-605 (S.D.Ohio 2002). However, if the court finds that one of the criteria is satisfied, then the person is one to be joined if feasible, and the issue of the existence of personal jurisdiction arises. *Id.*

If such is the case, the court proceeds to the third step, which involves an analysis of the factors set forth in Rule 19(b) to determine whether the court may proceed without the absent party or, to the contrary, must dismiss the case due to the indispensability of that party. *Id.*

Rule 19 is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case. *PTG Logistics,* 196 F.Supp.2d at 605 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102 (1968)). The Sixth Circuit has noted that "[i]deally, all [the] parties would be before the court. Yet Rule 19 calls for a pragmatic approach; simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *PTG Logistics*, 196 F.Supp.2d at 605 (quoting

-3-

*Smith v. United Brotherhood of Carpenters and Joiners of America,* 685 F.2d 164, 166 (6th Cir.1982) (holding it error to have dismissed Title VII case due to absence of contractors hiring through union)).

*B.*

On consideration of a motion to dismiss under either Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure, the court must take all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994).

Thus, for purposes of a motion to dismiss under the Rule, the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

# III.  DISCUSSION

Under ERISA, a company's contributions to benefit funds constitute plan assets under 29 U.S.C. § 1002(21)(A) as they become due.  *Operating Engineers' Local 324 Fringe Benefit Funds v. Nicolas Equipment, L.L.C.,* 353 F.Supp.2d 851, 854 (E.D.Mich. 2004).

Moreover, a person is defined as a plan fiduciary to the extent that person exercises any discretionary authority or discretionary control respecting management or disposition of its assets.  *Id*. (citing 29 U.S.C. § 1002(21)(A)).  Under 29 U.S.C. § 1109(a), any person who is a fiduciary and breaches a fiduciary duty shall be personally liable to make good to such plan any losses to the plan resulting from such breach..  *Nicolas Equipment,* 353 F.Supp.2d at 855.

Furthermore, a fiduciary may be liable to a plan for his own breach pursuant to 29 U.S.C. § 1109, or for the breach of a co-fiduciary under specific circumstances set forth in 29 U.S.C. § 1105(a).  *Roberts v. Taussig,* 39 F.Supp.2d 1010, 1011 (N.D.Ohio 1999).  Thus, under ERISA, co-fiduciaries may be jointly and severally liable.

Here, Plaintiff's complaint alleges that Defendant Baldwin exercised "authority and control regarding the contributions due and owing to Plaintiff's by E & I . . . ."  (Doc. 1, ¶ 11.)  The complaint further alleges that "Defendant Baldwin, in his capacity as a fiduciary, . . . breached his duty by failing to make contributions" to the Funds.  (*Id*. at ¶ 17.)

Taking the allegations in the complaint as true, Defendant Baldwin allegedly exercised discretionary authority over the contributions, and, therefore, acted as a fiduciary. By allegedly failing to make contributions to the Funds as mandated by the terms of the collective bargaining agreement, Baldwin may be held personally liable under 29 U.S.C. § 1109(a). *See Local 324 Fringe Benefit Funds,* 353 F.Supp.2d at 855 (Under 29 U.S.C. § 1109(a), any person who is a fiduciary and breaches a fiduciary duty shall be personally liable to make good to such plan any losses to the plan resulting from such breach). Thus, dismissal is improper under Rule 12(b).

Furthermore, defendant Baldwin's assertion that Plaintiffs' complaint should be dismissed for failure to join an indispensable party under Rule 19 is not well-taken. Baldwin asserts that he has identified five witness who will testify that Baldwin did not have discretionary authority to make financial decisions at E & I, and that Lorenzo Ellis is the sole member of E & I. Baldwin further asserts that E & I has not been properly served, and that leaving Baldwin as the sole defendant to be potentially held solely liable is prejudicial and improper.

However, at this stage in the litigation, the undersigned finds Baldwin's arguments to be premature. Such arguments should be addressed on motion for summary judgment

and not a motion to dismiss.[1]  As noted above, Plaintiffs' complaint states a claim against Defendant Baldwin for unpaid contributions, and on the face of the complaint, complete relief may be granted.

## IV.  CONCLUSION

Accordingly, **IT IS THEREFORE ORDERED THAT** defendant Baldwin's motion to dismiss (doc. 20) is **DENIED**.

Date: July 18, 2006                              s/Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge

---

[1]  Defendant Baldwin's motion to dismiss attached 26 pages of exhibits (without an affidavit). Matters outside the pleading are not to be considered on a motion to dismiss.  When matters outside of the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all the parties shall be given reasonable opportunity to present all the material made pertinent to such motion by Rule 56.  Fed. R. Civ. P. 12(b).  Here, the discovery deadline is August 1, 2006.  Accordingly, it is premature to treat Defendant's motion to dismiss as one for summary judgment at this time.